FILED

NOV 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAWN LAWRENCE DESAUTEL; et al.,

             Plaintiffs - Appellants,

 v.

ANITA B. DUPRIS; et al.,

             Defendants - Appellees.

No. 11-35926

D.C. No. 2:11-cv-00301-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Shawn Lawrence DesAutel, Tamara Desautel Davis and Tonia Rene

Desautel, adopted members of the Colville Confederated Tribes, appeal pro se

from the district court's judgment dismissing their action alleging that defendants

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated their First, Fifth, Thirteenth, and Fourteenth Amendment rights during proceedings in which plaintiffs challenged their enrollment status before the Colville Tribal Courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1156 (9th Cir. 2007), and we affirm.

The district court properly dismissed the plaintiffs' action for lack of subject matter jurisdiction because the allegations that defendants failed to follow the provisions of the Colville Tribal Code in addressing the plaintiffs' challenge to their enrollment status would impermissibly require the court to evaluate the merits of the tribe's membership determinations. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n.32 (1978) (the right to define membership "for tribal purposes has long been recognized as central to [a tribe's] existence as an independent political community" and federal courts should avoid "intrud[ing] on these delicate matters"); *Lewis v. Norton*, 424 F.3d 959, 961 (9th Cir. 2005) ("[T]ribal immunity bars suits to force tribes to comply with their membership provisions, as well as suits to force tribes to change their membership provisions.").

The district court properly concluded that, in the alternative, the action was subject to dismissal because the causes of action failed to state a claim as a matter of law. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)

("18 U.S.C. §§ 241 and 242 . . . are criminal statutes that do not give rise to civil liability."); *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) ("[A]ctions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law."); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").

**AFFIRMED.**